UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIN J. GRISSETTE<br>    Petitioner,<br><br>v.<br><br>WARDEN JIM MORROW<br>    Respondent. | No. 3:11-0245<br>JUDGE HAYNES |

## O R D E R

The Court has before it a *pro se* prisoner petition (Docket Entry No.1) under 28 U.S.C. § 2254, for writ of habeas corpus.

A prisoner in custody pursuant to the judgment of a state court, as is the case here, has one year from the date his convictions became final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).

According to the petition, a jury in Davidson County found the Petitioner guilty of second degree murder and attempted second degree murder. On April 25, 2003, he was sentenced to serve twenty three (23) years in prison. These convictions became final on November 2, 2004, sixty (60) days after the Tennessee Court of Criminal Appeals affirmed the convictions on direct appeal. Rule 11(b), Tenn. R. App. P.

A post-conviction petition tolling the limitation period was filed on November 2, 2004. 28 U.S.C. § 2244(d)(2). The tolling of the limitation period continued until November 18, 2005, the date that the Petitioner's post-conviction proceedings were concluded in the state courts.

The Petitioner avers that his attorney was supposed to file an application for further post-conviction review in the Tennessee Supreme Court but failed to do so. He learned of counsel's failure by a letter dated April 22, 2007.[1] Assuming arguendo that counsel's failure to further appeal during post-conviction equitably tolled the limitation period, the limitation period would then begin to run for one year from the date that the failure was first discovered, or until April 22, 2008.

The instant petition was received in the Clerk's Office for filing on March 16, 2011. By that date, the limitation period had long since expired. It appears, therefore, that this action is untimely. There is nothing in the petition to suggest that the limitation period should be further tolled so as to allow the late filing of the petition.

Accordingly, the Petitioner shall have twenty one (21) days from the date of entry of this order on the docket in which to **SHOW CAUSE** why his petition should not be dismissed as untimely.

It is so **ORDERED.**

**ENTERED** this the 31st day of April, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

---

[1] The letter is attached as an exhibit to the petition.