| | |
|---|---|
| CALVIN J. GRISSETTE, )<br>    Petitioner )<br>)<br>v. )<br>)<br>WARDEN JIM MORROW, )<br>    Respondent ) | No. 3:11-0245<br>Chief Judge Haynes |

*[Handwritten: ORDER. This motion is GRANTED. [signature] 11-2-12]*

### MOTION FOR DISCOVERY

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2241 *et seq.*, and the Sixth and Fourteenth Amendments to the United States Constitution, Calvin Grissette respectfully requests that this Court order the Tennessee Department of Children's Services to release his complete school records.

### I. BACKGROUND

Calvin Grissette stands convicted of second degree murder and is serving a sentence of 23 years in the Tennessee Department of Correction. After challenging his conviction in state court on both direct appeal and post-conviction, Mr. Grissette filed a *pro se* petition for writ of habeas corpus in this Court on March 16, 2011. Approximately one year later, Mr. Grissette, through counsel, filed an amended petition for habeas relief. Soon thereafter, on June 1, 2012, the State filed a Motion to Dismiss, arguing that Mr. Grissette's federal petition was not timely filed under 28 U.S.C. § 2244(d).

### II. LAW AND ARGUMENT

A habeas corpus petitioner is entitled to discovery upon a showing of "good cause." Good cause exists "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994); *Deputy v. Taylor*, 19 F.3d 1485, 1492-93 (3rd Cir. 1994). At this stage of the proceeding Mr. Grissette need not demonstrate that he will