IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CALVIN J. GRISSETTE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | No. 3:11-0245 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| BRUCE WESTBROOKS, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM

Petitioner, Calvin Grissette, a state prisoner, filed this action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his two state convictions, for second degree murder and attempted second degree murder, for which Petitioner received a twenty-three (23) year sentence. Petitioner filed this action on March 16, 2011. (Docket Entry No. 1) After the appointment of counsel, Petitioner filed an amended petition on March 13, 2012. (Docket Entry No. 25).

Before the Court is the Respondent's motion to dismiss this action as untimely under applicable statute of limitations. (Docket Entry No. 29). Petitioner filed his response conceding that his action is untimely, but contending that the applicable statute of limitations should be tolled because of the errors of his prior appointed counsel in failing to comply with post-conviction filing deadlines. (Docket Entry No. 41).

A. Review of the State Record

After a jury trial, Petitioner was convicted of second degree murder and attempted second degree murder and sentenced to twenty-three years imprisonment. State v. Grissette, No. M2003-02061-CCA-R3-CD, 2004 WL 1950728 at *1 (Tenn. Ct. Crim. App. Sept. 7, 2004). On direct appeal, Petitioner's convictions and sentence were affirmed. Id.

On November 2, 2004 the Petitioner filed a state post-conviction petition with several claims of ineffective assistance of counsel. (Docket Entry No. 29-3). After an evidentiary hearing on January 13, 2005, the Davidson County Criminal Court denied Petitioner's petition for post conviction relief on January 18, 2005. (Docket Entry No. 29-5). On appeal Tennessee Court of Criminal Appeals affirmed the order of dismissal. Grissette v. State, No. M2005-00233-CCA-R3-PC, 2005 WL 3100096 at *1 (Tenn. Ct. Crim. App. Nov. 18, 2005). On February 25, 2008, the Tennessee Supreme Court denied Petitioner's application for permission to appeal the denial of his petition for post conviction relief. Id.

On June 15, 2009, Petitioner filed a motion to reopen proceedings in the Davidson County Criminal Court on his petition for post conviction relief. (Docket Entry No. 29-6). After arguments from counsel, the state court denied Petitioner's motion. (Docket Entry No. 29-7). On appeal on March 26, 2010, the Tennessee Court of Criminal Appeals denied Petitioner's appeal. (Docket Entry No. 29-8)

On March 16, 2011, Petitioner filed this action. (Docket Entry No. 1). After retention of counsel, Petitioner filed an amended petition on March 13, 2012. (Docket Entry No. 25). In his response, Petitioner submitted proof that in the early morning hours of October 24, 2001, Kenneth Battle and Michael Mimms were shot in the Edgehill area of Nashville. (Docket Entry No. 25, ¶21). Battle was pronounced dead after being transported to the Vanderbilt Medical Center emergency room, and Mimms survived a gunshot wound to his left calf. Id. Police interviewed Mimms and Chereta Jones, a witness to the shooting, both of whom were close associated of the deceased victim. Id. at ¶ 22. Petitioner was named by both Mimms and Jones as a potential suspect.

After interviewing Mimms and Jones, police interviewed Petitioner. Id. at ¶ 23. Petitioner

2

told the police that he shot Battle and Mimms in self-defense, and directed officers to the weapon he had used, which was hidden under the crawl space of his mother's house. Id. After this interview, the State of Tennessee indicted Petitioner on charges of first degree murder and attempted first degree murder. Id. at ¶ 24. Petitioner retained Robert Marlow as to represent him at trial. Id. at. ¶ 25. While preparing for trial, Petitioner stressed to Marlow's investigator the importance of locating other witnesses to the shooting, including Thomas Thompson. Petitioner stated that these additional witnesses could corroborate his theory of self-defense. Id. at. ¶ 26. At trial, Marlow did not call any witnesses to the shooting as witnesses on behalf of Petitioner for his self-defense claim. Id. at. ¶ 27.

Additionally, Marlow only met with Petitioner once to prepare before trial. Id. Marlow encouraged Petitioner not to testify at trial and Petitioner agreed. Id. at ¶ 28. Petitioner was acquitted of the first degree murder and attempted first degree murder charges by the jury, but he was found guilty as to the lesser included charges of second degree murder and attempted second degree murder. Id. at ¶ 29. The state trial court sentenced Petitioner to 23 years in prison on the charge of second degree murder, and 10 years in prison on the charge of attempted second degree murder, to run concurrently. Id. at ¶ 30. Petitioner cites his post conviction counsel's failure to comply with filing deadlines as well as counsel's misadvice regarding the post conviction appeals process. (Docket Entry No. 41).

### B. Conclusions of Law

Under 28 U.S.C. Section 2244(d)(1), a person convicted in state court has one (1) year from the time the conviction becomes final on direct appeal to file a federal petition. Yet, as pertinent here, under 28 U.S.C. § 2244(d)(2), "[t]he time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending

3

shall not be counted toward any period of limitation under this subsection." Id. (emphasis added). Moreover, this limitation period can be tolled to permit a claim one year from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D).

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. Section 2244(d)(1), provides that a person convicted in state court has one (1) year from the time his conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 320, 327-29 (1997), the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

Here, Petitioner concedes that this petition is untimely, and the only issue is the application of the equitable tolling doctrine, that is, a judicial doctrine that is invoked only in "rare and exceptional" circumstances. Id. at 597 (citing Felder v. Johnson, 204 F.3d 168, 171 and n.8 (6th Cir. 2000)). Here, Petitioner's argument for the application of equitable tolling is based on his state post conviction counsel's failure to comply with filing deadlines as well as counsel's misadvice regarding the post conviction appeals process. (Docket Entry No. 41). Petitioner relies on the Supreme Court's reasoning in Martinez v. Ryan, which states "ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012). Petitioner also compares his action to Maples v. Thomas in asserting the application of equitable tolling. Maples v. Thomas, 132 S. Ct. 912 (2012). (Docket Entry No. 41, p. 6). In Maples, the Petitioner's post-conviction attorneys left their firm

4

without notifying the state court, and the firm failed to reassign the case. Id. at 918-9. As such, "[the defendant] was disarmed by extraordinary circumstances quite beyond his control." Id. at 927.

As applied here, the Court concludes that Petitioner's proof does not warrant the application of the equitable tolling doctrine. First, Petitioner's application for permission to appeal was filed in his state post-conviction appeal. Second, under Rule 39 of the Tennessee Supreme Court Rules filing an application for permission to appeal is not required for exhaustion of state remedies. Smith v. Morgan, 371 Fed. Appx. 575, 579 (6th Cir. 2010) (citing Tenn. Sup. Ct. R 39).

As to Martinez and Maples, Petitioner's state post-conviction appellate counsel, Dwight Scott, in fact, filed an application for permission to appeal to the Tennessee Supreme Court in Petitioner's post-conviction appeal. Grissette, 2005 WL 3100096, at *1. The Court concludes that Petitioner has not met the burden to prove prejudice in Strickland, i.e., "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Petitioner has not alleged any facts that demonstrate that Petitioner's appeal to the Tennessee Supreme Court would have been successful if his counsel had not missed the deadline for filing an application for permission to appeal. The Court concludes that Petitioner has not presented facts to toll the federal habeas statute of limitations.

Thus, the Court concludes that this action should be dismissed as untimely under the federal statute of limitations for habeas actions.

An appropriate Order is filed herewith.

**ENTERED** this the _8th_ day of February, 2013.

William J. Haynes, Jr.
Chief Judge
United States District Court